**VON HERR v. AMERICAN EMPLOYERS' INS. CO.** *

No. 17011.

Court of Appeal of Louisiana. Parish of Orleans.

March 13, 1939.

*Rehearing denied April 10, 1939.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellant.

Cabral & Graham, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit in compensation. Gustave Von Herr alleges that he received injuries as the result of an accident which arose out of and occurred in the course of his employment as a radio engineer in the St. Charles Hotel in New Orleans. He charges that the said hotel was operated by New City Center Hotel Operators, Inc., and that the American Employers' Insurance Company had issued a policy of workmen's compensation insurance to the said operat-

ing company. He further alleges that he was completely disabled for a period of 26 weeks and he seeks recovery in the sum of $14.85 per week, claiming that he is entitled to "66 per cent." of his weekly wage, which, he charges, amounted to $22.50 per week. He also alleges that he was forced to employ a general practitioner of medicine, to whom he is indebted in the sum of $100, and a specialist, to whom he is indebted also to the extent of $100. The total recovery sought, therefore, amounts to $586.10.

Defendant admits the employment and that the plaintiff sustained injuries, but maintains that they were not so serious as is contended.

In the court below there was judgment for plaintiff for $384.80, that amount, according to counsel for plaintiff, representing an allowance of $200 for medical expenses and 28 weeks' compensation at $6.60 per week. From this judgment defendant has appealed.

Plaintiff states that, as he was working in the hotel, he was struck by some unknown person and severely injured. Defendant contends that he was not struck by any such person, but concedes that he did receive the injuries in the course of the employment and while he was at work.

Defendant's denial that plaintiff was struck by some unknown person is not made for the purpose of defeating recovery, but solely for the purpose of showing the general untrustworthiness of plaintiff's testimony and of thus casting suspicion upon his statements concerning the extent of his injuries.

It is true that there are certain strange circumstances connected with the evidence of plaintiff, but we do not believe that they are sufficiently unusual to justify the conclusion that that evidence taints with suspicion all of his statements.

■ The real controversy results from plaintiff's charge that he sustained a fracture at the base of the skull, one expert stating that he is quite certain that there was such a fracture and the expert produced by defendant testifying, on the other hand, that such an injury was not sustained. After reading the testimony of these experts, we reach the conclusion that there was disability for at least 26 weeks, as contended for by plaintiff. We find, however, that plaintiff is entitled to compensation for only 26 weeks, since that is all he claimed in the petition and represents the entire period of disability, even according to his own evidence. Therefore he was obviously allowed recovery for two weeks more than the period of his disability.

■ Furthermore, he is entitled to only 65 per cent. of his daily rate of pay and not 66 per cent., as he contends for and as he seems to have been allowed below. Section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928. Then, again, his rate of pay was $40 per month and not $10 per week, as contended for by him. Therefore, in order to arrive at the amount of weekly compensation to which he is entitled, we must first determine his daily rate of pay, and we do this by dividing his monthly salary by 26, which is the number of working days in each month, eliminating Sundays and using six working days as the basis. Rylander v. T. Smith & Son, 177 La. 716, 149 So. 434. If we do this we discover that his daily rate of pay was $1.538, and, if we multiply this by 6 to get the weekly pay, we find that it amounts to $9.228. Sixty-five per cent. of this is $5.998, which is the weekly amount to which he is entitled. Twenty-six weeks' payment would, therefore, total $155.95, to which should be added the allowance of $200 for medical expenses, making a grand total of $355.95, instead of $384.80, which was awarded plaintiff below.

■ The slight miscalculations do not justify the placing of the costs of appeal on plaintiff.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the reduction of the amount thereof to $355.95, and that, as thus amended, it be and it is affirmed, defendant to pay all costs.

Amended and affirmed.